IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RODNEY DAVIS** | § § § § § | **PLAINTIFF** |
| v. | § § § § § | Civil No. 1:18cv207-HSO-JCG |
| **CLOPLAY CORPORATION** *also known as* Cloplay Plastics Products Co., Inc. | § § § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION [4] TO DISMISS, DENYING AS MOOT DEFENDANT'S MOTION [9] TO STRIKE AND DEFENDANT'S MOTION [20] FOR SUMMARY JUDGMENT, AND DISMISSING CASE WITH PREJUDICE**

BEFORE THE COURT are the following Motions filed by Defendant Cloplay Corporation: (1) Motion [4] to Dismiss; (2) Motion [9] to Strike Plaintiff's Response to the Motion [4] to Dismiss; and (3) Motion [20] for Summary Judgment. After due consideration of the record, relevant legal authority, and Defendant's Motions [4] [9] [20], the Court is of the opinion that the Motion [4] to Dismiss should be granted, the Motion [9] to Strike and the Motion [20] for Summary Judgment should be denied as moot, and Plaintiff Rodney Davis' case should be dismissed with prejudice.

I. BACKGROUND

Plaintiff Rodney Davis ("Plaintiff" or "Davis") filed a Complaint in the Circuit

Court of Harrison County, First Judicial District, on April 27, 2018, against Defendant Cloplay Corporation, also known as Cloplay Plastics Products Company, Inc. ("Defendant" or "Cloplay").[1] Cloplay was served with process on May 16, 2018, and timely removed the case to this Court on June 14, 2018. Notice of Removal [1]. The entirety of the Complaint's factual allegations state that:

> On are [sic] about April 30, 2015 the plaintiff, an employee for Walmart Stores had made a delivery to the Walmart store in Pass Christian, Mississippi and unloaded goods and cargo into the warehouse storage section of the store. The roll-up door through with [sic] and under which he was walking while exiting the building was manufactured by defendant. As plaintiff walked through the doorway the defendant's door suddenly fell rapidly and hit the plaintiff with great force on his head, neck and spine thereby causing severe and permanent injuries, great pain, and need for extended hospitalization, and physical therapy. The said door was defectively designed and manufactured and the defendant is responsible for all of plaintiffs [sic] described injuries and damages.

Compl. [1-1] at 3. Plaintiff asserts that Cloplay subjected him to "an unreasonably defective product" and seeks damages in an amount "allow[ed] by law . . . for personal injury, permanent injury, pain and suffering and medical expenses to total no less than $1,000,000." *Id.*

In its Motion [4] to Dismiss, Cloplay argues that Davis' Complaint [1-1] fails to state a claim upon which relief can be granted because it is devoid of facts upon which it could have notice of a plausible claim against it. *Id.*; Def.'s Mem. in Support [5]. Cloplay contends that the Complaint fails to properly plead facts to support a claim under the Mississippi Products Liability Act

---

[1] Defendant states that Plaintiff incorrectly identified it as "Cloplay Corporation a/k/a Cloplay Plastics Products Co., Inc." Defendant identifies itself as Clopay Building Products Company, Inc.; however, no party has moved the Court to correct the docket.

2

("MPLA") and that Plaintiff has done nothing more than insufficiently allege that an injury occurred and that a product was defectively designed and manufactured. Def.'s Mem. in Support [5] at 3-5. Davis responds that the Complaint [1-1] is a "fine example of notice pleading as intended and required by the Federal Rules of Civil Procedure and that nothing else need be said in order to convey the essence of the event in question." Pl.'s Resp. [6] at 2; Pl.'s Resp. Mem. [7] at 2-4. Davis maintains that he has given Cloplay adequate notice of his claims. Pl.'s Resp. [6] at 2; Pl.'s Resp. Mem. [7] at 2-3.

In its Reply [11], Defendant reiterates that Plaintiff has failed to state a claim under the MPLA, which is the exclusive remedy for claims based on defective design or manufacture of a product. Reply [11] at 2. Cloplay further posits that the Court should not permit Davis an opportunity to amend because he insists his pleadings are sufficient; for this reason, any amendment would be futile. *Id.* at 5-6.

The Court entered a Case Management Order [15] on October 10, 2018, and set October 24, 2018, as the deadline for motions to amend pleadings. More than two months after that deadline passed, on January 3, 2019, Davis filed a Motion [18] for Extension of Time to Amend his Complaint. Mot. [18] to Am. The Magistrate Judge denied Plaintiff's Motion [18] on grounds that Davis had failed to show good cause for such a late modification of the case management deadline, and had failed to submit a memorandum brief in support of his Motion [18] as required by the Uniform Local Civil Rules. Order

[19]. Davis did not seek reconsideration of, nor did he appeal, the Magistrate Judge's Order [19].

Cloplay has also filed a Motion [9] to Strike Davis' Response [6] to Cloplay's Motion [4] to Dismiss, which Davis filed two weeks past the response deadline. Pl.'s Resp. [6]; Mot. [9] to Strike; Mem. in Support [10]. Davis has not filed a response to the Motion [9] to Strike. Finally, on March 8, 2019, Cloplay filed a Motion [20] for Summary Judgment.[2]

## II. DISCUSSION

A. Legal Standard

1. Motions to dismiss pursuant to Rule 12(b)(6)

When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *Spitzberg v. Hous. Am. Energy Corp.,* 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P 12(b)(6); Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

A court must accept all well-pleaded facts as true and view those facts in the

---

[2] Cloplay filed its Motion [20] for Summary Judgment without waiving its pending Motion [4] to Dismiss. Mot. [20] for Summ. J. at 1 n.1.

4

light most favorable to the plaintiff. *Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). However, this tenet does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

    2. <u>Mississippi Products Liability Act</u>

The Mississippi Products Liability Act ("MPLA"), Miss. Code. Ann. § 11–1–63, provides a remedy for individuals injured by a product. A plaintiff may travel under a theory that the product was defectively designed or defectively manufactured. *Id.* To recover under the MPLA on either theory, a plaintiff must prove in relevant part that: "(ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought." *Id.* § 11–1–63(a)(ii)–(iii).

Additionally, a plaintiff seeking to establish that a product was defectively manufactured must show that when the product left the control of the manufacturer or seller, "it was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications." *Id.* § 11–1–63(a)(i)(1). To establish that a "product was designed in a defective manner," *id.* § 11–1–63(a)(i)(3), a plaintiff must prove that, at the time the product left the control of the manufacturer or seller:

> (i) The manufacturer or seller knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known,

about the danger that caused the damage for which recovery is sought; and

(ii) The product failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm. A feasible design alternative is a design that would have to a reasonable probability prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers.

*Id.* § 11–1–63(f).

B.   Defendant's Motion [4] to Dismiss

   1.   Sufficiency of Plaintiff's pleadings

The Complaint alleges that the door that fell on Davis was "defectively designed and manufactured" by Cloplay. Compl. [1-1] at 2. To state a defective design claim under the MPLA,[3] Davis must support his cause of action with more than conclusory allegations of a design defect. *Adams v. Energizer Holdings, Inc.*, 3:12cv797, 2013 WL 1791373, at *2 (S.D. Miss. Apr. 19, 2013) (finding that plaintiffs failed to state a claim for design defect where their only factual support was a conclusory allegation). Rather, he must identify some defect in the design. *Id.* at *2 (dismissing claim where plaintiff failed to suggest "even generally the nature of any defect"); *Deese v. Immunex Corp.*, 3:11cv373, 2012 WL 463722, at *3 (S.D. Miss. Feb. 13, 2012).

Here, Davis offers nothing more than a conclusory allegation that the door

---

[3] To the extent Davis argues that he has established a claim of negligence, because his claims are premised on design and manufacturing defects, they are governed exclusively by the MPLA. *See Mullen v. Bell Helicopter Textron, Inc.*, 1:15cv158, 2015 WL 11120331, at *1 (S.D. Miss. Aug. 17, 2015) (noting that since passage of the MPLA, negligence claims do not exist as standalone claims); *see also Elliott v. El Paso Corp.*, 181 So. 3d 263 (Miss. 2015) (holding that the MPLA abrogated products-liability claims based on a theory of negligence).

6

was "defectively designed," Compl. [1-1] at 2, and he does not identify any specific defect or even suggest the nature of the defect, *see Adams*, 2013 WL 1791373, at *2 (dismissing claims where plaintiff only alleged in a conclusory fashion that products were defective); *Deese*, 2012 WL 463722, at *3 (holding same where complaint was devoid of factual support); *see also Mullen v. Bell Helicopter Textron, Inc.*, 1:15cv158, 2015 WL 11120331, at *1 (S.D. Miss. Aug. 17, 2015) (holding same). Nor does the Complaint allege the existence of any feasible design alternative. *See Chatman v. Pfizer, Inc.*, 5:11cv69, 2013 WL 1305506 (S.D. Miss. March 28, 2013).

To state a claim that a product was defectively manufactured, plaintiffs must allege that the product "deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications." *Deese*, 2012 WL 463722, at *3 (quoting Miss. Code Ann. § 11–1–63(a)(i)(1)). Though the Complaint claims that the door was defectively manufactured, Compl. [1-1], it does not allege how the door deviated from Cloplay's specifications or from other doors it manufactured, Miss. Code Ann. §11-1-63(a)(1); *Adams*, 2013 WL 1791373, at *3 (complaint failed to state a claim for manufacturing defect where plaintiff did not allege how product deviated from specifications or other units).

In his Response [6], Davis adds that reasonable people "would agree that overhead doors should not" suddenly fall on their own. Resp. [6] at 2. This suggests that Davis believes that he has satisfied pleading requirements for an MPLA claim, essentially based on a theory of *res ipsa loquitor*. Without addressing whether the

7

doctrine of *res ipsa loquitor* could apply to a claim under the MPLA, the Court is of the opinion that Davis has also not alleged sufficient facts to state a claim under that alternative theory. *See id.*

> To establish a claim based on a theory of *res ipsa loquitor*:
>
> 1) the matter must be within the common knowledge of laymen; 2) the instrumentality causing the damage must be under the exclusive control of the defendant; 3) the occurrence must be such as in the ordinary course of things would not happen if those in control of the instrumentality used proper care; and 4) the occurrence must not be due to any voluntary act on the part of the plaintiff.

*Brown v. Baptist Memorial Hosp. DeSoto, Inc.*, 806 So. 2d 1131, 1135 (Miss. 2002). Davis indicates that the door was located at a Walmart store in Pass Christian, Mississippi, but he has not alleged that the door was under the exclusive control of Cloplay, nor does he even assert that Cloplay had any continued control over the door. Thus, any argument that Davis has properly pled a claim under a theory of *res ipsa loquitor* is unavailing. *See Adams*, 2013 WL 1791373 at *5 n.2 (concluding that because at the time of an alleged accident, the instrumentality was not under the control or management of defendants, the theory of *res ipsa loquitor* was not properly pled).

Assuming that all facts as alleged by Plaintiff in the Complaint are true, Davis has not pled a plausible claim entitling him to relief under the MPLA.

2. Plaintiff's request to amend

In the final sentence of Davis' Response [6] to Cloplay's Motion [4] to Dismiss, he requests that the Court alternatively allow him the opportunity to amend his Complaint [1-1]. A court generally should not grant a motion to dismiss for failure

8

to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (recognizing that discretion to deny leave to amend is limited because Rule 15 evidences a bias toward granting such leave). The Fifth Circuit has noted, however, that leave to amend is not automatic, *id.* at 254, and is properly denied where allowing an amendment would result in undue prejudice, the moving party has engaged in delay, or the proposed amendment would be futile, *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). Moreover, the Fifth Circuit has held that bare requests to amend contained in a response to a motion to dismiss do not constitute a proper motion to amend. *Willard v. Humana Health Plan of Tx. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." (citations and quotations omitted)).

In *Goldstein v. MCI WorldCom*, the Fifth Circuit affirmed a district court's denial of a request to amend where plaintiffs "tacked on a general curative amendment request at the end of their response in opposition to the defendant's motion to dismiss." 340 F.3d at 254. The Court reasoned that because the plaintiffs failed to demonstrate how they would cure the deficiencies in their pleading, proffer a proposed amended complaint, or suggest the existence of any additional facts that they did not initially plead, the district court's denial of the request to amend

9

contained in the Response [6] [7] was not improper. *Id.* at 254-55; *see McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs failed to file an amended complaint as a matter of right, submit a proposed amended complaint, or alert the court to the substance of any proposed amendment).

Davis fails to suggest in his Response [6] [7] to the Motion [4] to Dismiss how the alleged deficiencies in his Complaint could be cured, provide any facts to cure those deficiencies, or proffer a proposed complaint. *See Goldstein*, 340 F.3d at 254-55; *Willard*, 345 F.3d at 387; *McKinney*, 309 F.3d at 315. This request is not sufficient to constitute a motion to amend. *See Willard*, 336 F.3d at 387; *Adams*, 2013 WL 1791373, at * 5 (finding that amendment would be futile where plaintiffs declare the sufficiency of their pleadings and state that at that stage, they have nothing more to add).

Davis did, however, later file a separate Motion [18] requesting leave to amend on January 3, 2019, however, this was more than six months after Cloplay filed its Motion [4] to Dismiss, over two months past the deadline for amendments to pleadings set by the Case Management Order, after the deadline for designating experts expired, and only a month before the close of discovery. Mot. [18] to Am.; Case Mgmt. Order [15]; Mot. [4]. With Davis' single-page Motion [18], he attached a proposed Amended Complaint [18-1] which clarified the facts of his case and included new causes of action. Proposed Am. Compl. [18-1]. The Magistrate Judge denied Plaintiff's Motion [18] because he did not submit a memorandum brief in

10

support or attempt to explain what facts supported a finding of good cause to modify the case management deadlines at such a late date. Order [19]. Davis did not appeal the Magistrate Judge's Order [19], request reconsideration of the Order [19], or make any further attempt to amend or explain what circumstances existed to demonstrate good cause for such an untimely amendment.

Despite the lack of a request to review the Magistrate Judge's Order [19], the Court has reviewed it and is of the opinion that the Order [19] is not clearly erroneous or contrary to law. *See Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)) (holding that in reviewing a magistrate's pretrial order, a district court may set aside a "non-dispositive order" where it is clearly erroneous or is contrary to law). The record supports the Magistrate Judge's conclusion that Davis' Motion [18] to Amend was grossly untimely and that Davis did not even attempt to show good cause for the delay. [4]

Federal Rule of Civil Procedure 16(b) applies to motions to amend submitted after a scheduling order's deadline has expired, and provides that such a deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); *see Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Before the more liberal standard of Rule 15(a) applies to a district court's denial of leave to amend, a movant must show good cause for not meeting the

---

[4] While the Magistrate Judge's Order [19] does not discuss the Fifth Circuit's good cause factors and appears to rely on Davis' violation of the Local Rules' requirements that a party submit supporting memoranda with motions and show good cause to amend pleadings, *see* Order [19]; L.U. Civ. R. 7(b)(4); L.U. Civ. R. 16(b)(4), after thoroughly considering each factor, the Court finds that good cause to allow the amendment did not exist, *see Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

11

deadline. *Southwestern Bell*, 346 F.3d at 546. The Fifth Circuit has enumerated four relevant factors to consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

Davis has made no effort whatsoever to argue that good cause exists to amend his Complaint [1-1]. *See* Mot. [18] to Am. He offers no explanation for his failure to timely move for leave to amend. *See id.* It is apparent that the proposed amendments are important to Davis' case as they purport to add new causes of action upon which to seek relief and attempt to cure some of the deficiencies in his Complaint [1-1]. However, Cloplay would suffer substantial prejudice if Davis is allowed to assert new facts and claims against it almost eight months after the Complaint [1-1] was filed, after the deadline to designate experts expired, directly before the close of discovery, and almost four years after the alleged injuries occurred.[5] Case Mgmt. Order [15]; Mot. [18] to Am. While the Court could extend all of the deadlines in this case to help alleviate prejudice to Defendant, it is within the Court's discretion to preserve the integrity and purpose of the deadlines in the Case Management Order, particularly in light of Davis' complete and total failure to offer any explanation for his untimely request to amend.[6] The Court agrees with

---

[5] Discovery closed on February 22, 2019. Davis filed his Motion [18] to Amend only seven weeks before this deadline, on January 3, 2019. The Court also notes that it is clear from the docket that Plaintiff has conducted little to no discovery in this case. He has not propounded any written discovery or noticed any depositions.

[6] Cloplay filed its Motion [4] to Dismiss, which stated Davis' Complaint's deficiencies, soon after it removed the case to this Court. Davis proclaimed in response to Cloplay's Motion [4] to Dismiss that his Complaint [1-1] was a "fine example of notice pleading" and that "nothing else need be said,"

12

the Magistrate Judge that Davis' Motion [18] to Amend is untimely and that he has not even attempted to show good cause for the delay. *See EEOC v. Serv. Temps, Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012) (affirming denial of plaintiff's motion to amend where plaintiff waited months after the deadline to amend pleadings to file its motion and provided no explanation for the delay); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344 (5th Cir. 2008) (affirming district court's denial of a motion for leave to amend where plaintiff provided no explanation for delay, defendant would be prejudiced due to timing of motion, amendments were important to plaintiff, and court could alleviate prejudice but refused to do so due to plaintiff's lack of excuse); *see also S&W Enter., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536-37 (5th Cir. 2003).

C.  Defendant's Motion [9] to Strike and Motion [20] for Summary Judgment

Defendant Cloplay asks this Court to strike Davis' Response [6] to its Motion [4] to Dismiss and Davis' Supporting Memorandum [5], and moves the Court for summary judgment in its favor. Mot. [9] to Strike; Mot. [20] for Summ. J. Because the Court finds that Defendant's Motion [4] to Dismiss should be granted, it need not consider Defendant's Motion [9] to Strike or its Motion [20] for Summary Judgment, and will deny them as moot.

---

provided no explanation of the claims Davis asserted, and proffered no description of additional facts he had or could offer. Pl.'s Resp. [6]. Davis then waited six months after Cloplay's Motion [4] was filed and weeks before the close of discovery to finally request an amendment. Under these circumstances, the Court cannot say that good cause exists to allow an amendment, let alone can it say that the Magistrate Judge's denial of the Motion [18] to Amend was clearly erroneous or contrary to law.

13

III. CONCLUSION

Davis' allegations in the Complaint [1-1] are insufficient to state a claim under the MPLA. As such, Cloplay's Motion [4] to Dismiss should be granted and Davis' claims should be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Cloplay Corporation's Motion [4] to Dismiss is **GRANTED**, and Plaintiff Rodney Davis' case is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Cloplay Corporation's Motion [9] to Strike and Defendant Cloplay Corporation's Motion [20] for Summary Judgment are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 15th day of March, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE